UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL WILLIAMS, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 4:94CV1054 RLW |
| TROY STEELE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This closed federal habeas matter is before the Court on Petitioner's *pro se* Request for Relief under Fed. R. Civ. P. Rule 60(b). (ECF No. 36) Respondent has filed a Response, and Petitioner has filed a Traverse. Upon review of the pleadings, the Court denies Petitioner's motion.

## Background

Petitioner Michael Williams filed a petition for writ of habeas corpus on June 16, 1994. (ECF No. 3) The court denied habeas relief and dismissed the petition with prejudice on March 25, 1996. (ECF Nos. 20, 21) On March 4, 1997, the Eighth Circuit Court of Appeals affirmed the judgment of the district court. *Williams v. Bowersox*, 108 F.3d 1383 (8th Cir. 1997). Petitioner filed a second petition for writ of habeas corpus on May 16, 2007, which the court transferred to the Eighth Circuit Court of Appeals to allow Petitioner to seek permission to file a successive habeas petition. *Williams v. Smith*, No. 4:07CV987 (CEJ), 2007 WL 2462872 (E.D. Mo. Aug. 27, 2007). "The Court of Appeals denied petitioner's petition for authorization to file a successive habeas application on April 3, 2008." *See Williams v. Larkins*, No. 4:08CV831 CEJ, 2008 WL 2486017, at *1 (E.D. Mo. June 18, 2008) (setting forth the procedural history of

Petitioner's habeas petitions). Petitioner again sought habeas relief, arguing that his convictions for murder and armed criminal action were unconstitutional in *Williams v. Larkins*. The court summarily dismissed the petition, finding claims Petitioner sought to relitigate were successive under 28 U.S.C. § 2244(b)(1), and Petitioner failed to obtain leave from the Eighth Circuit Court of Appeals to file a successive petition raising new claims under 28 U.S.C. § 2244(b)(3)(A).[1] *Id.* Petitioner now requests relief under rule 60(b) of the Federal Rules of Civil Procedure, asserting that he has recently discovered a new habeas claim.

## **Discussion**

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim *on the merits.*'" *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 530, 532, (2005)). "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA." *Id.*

Here, Petitioner acknowledges that he is bringing a claim for ineffective assistance of trial counsel for having a conflict of interest prior to withdrawing from Petitioner's case. Petitioner contends that counsel used the Petitioner's defense in representing Petitioner's co-defendant. (ECF No. 36) He further asserts that this claim was unknown to him when he filed his first habeas petition. (ECF Nos. 36, 41)

---

[1] Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

2

The Court finds that Petitioner's Rule 60(b) motion raises a claim and must be brought as a successive § 2254 petition for a writ of habeas corpus. *Thompson v. Missouri Bd. of Parole*, No. 4:92-CV-888 JAR, 2018 WL 1470465, at *4 (E.D. Mo. Mar. 26, 2018). Where "the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). Because Petitioner did not obtain advance authorization from the Eighth Circuit Court of Appeals to file his motion, as required by 28 U.S.C. § 2244(b)(3)(A), the Court will dismiss his motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Request for Relief under Rule 60(b) (ECF No. 36) is **DENIED** and **DISMISSED** for lack of jurisdiction as a successive habeas petition.

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability.

Dated this 11th day of June, 2018.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**