UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 4:94CV1054 RLW |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed federal habeas matter is before the Court on Petitioner's *pro se* Motion to Amend this Court's Memorandum and Order of June 11, 2018 Pursuant to Fed. R. Civ. P. Rule 59(e) (ECF No. 43). The Court stated the procedural background of this case in its Memorandum and Order of June 11, 2018. The Court incorporates those facts by reference as if fully set forth herein. In that Order, the Court denied Petitioner's Request for Relief under Fed. R. Civ. P. Rule 60(b) for Petitioner's failure to obtain advance authorization from the Eighth Circuit Court of Appeals to file a successive petition for writ of habeas corpus, as required by 28 U.S.C. § 2254(b)(3)(A).

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998). Motions under 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286).

> To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result.

*Id.* "A motion to reconsider 'cannot be used to raise arguments which could have been raised prior to the issuance of judgment.'" *Adams v. Campbell*, No. 2:12 cv-00024HEA, 2014 WL 117568, at *1 (E.D. Mo. Jan. 13, 2014) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988)).

Petitioner asserts in his Motion to Amend Pursuant to Rule 59(e) that "new facts that show a high probability of actual innocence" provide grounds to reopen his case. He does not, however, offer any additional explanation of what this alleged "new facts" are or how they establish his "actual innocence" of his underlying conviction. If the alleged "new facts" are the same ones asserted in his prior Rule 60(b) Motion related to his previous attorney's alleged conflict of interest, the Court has already declined to address those claims due to Petitioner's failure to follow the procedure in § 2244.

Finally, Petitioner asks the Court to transfer the case to the Eighth Circuit on its own. He claims the Court may upon its own discretion transfer the case to the Court of Appeals to determine whether his successive petition for writ of habeas corpus satisfies the requirements of § 2244. Petitioner, however, fails to provide any legal authority supporting his assertion that a district court may transfer a successive habeas petition to the Court of Appeals. Further, he seems to disregard the Court's previous ruling that *he* must seek authorization from the Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Amend this Court's Memorandum and Order of June 11, 2018 (ECF No. 43) is **DENIED**.

Dated this 3rd day of October, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**